NO. 24-2603

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENANCIO GARCIA III,<br><br>Plaintiff–Appellant,<br><br>v.<br><br>STEVEN HOBBS, in his Official Capacity as Secretary of State of Washington, et al.,<br><br>Defendants–Appellees. | APPELLEES STATE OF WASHINGTON'S OPPOSITION TO APPELLANTS' MOTION TO CONSOLIDATE |

Consolidating the *Soto Palmer* and *Garcia* appeals does nothing to promote efficiency. Instead, efficiency is served by holding *Garcia* in abeyance, pending resolution of the *Soto Palmer* appeals.[1]

Appellants' motion makes this clear. As they note, these appeals arise from two cases involving: (1) the *Soto Palmer* Plaintiffs, who challenged Washington's 2021 round of legislative redistricting under the Voting Rights Act; (2) the *Soto Palmer* Intervenors, who permissively intervened and sought to uphold the legislative redistricting plan; (3) the *Garcia* Plaintiff—who is represented by the same counsel as the *Soto Palmer* Intervenors—and who

---

[1] The State of Washington sought *Garcia* Appellant's consent to abeyance, but he declined, opting instead to move for consolidation.

1

sought to strike down the plan as a racial gerrymander; and (4) the State of Washington, who defended against the *Soto Palmer* Plaintiffs' VRA claims in part and against the *Garcia* Plaintiff's racial gerrymandering claim in whole. Following trial, the *Soto Palmer* single-judge district court struck down Washington's 2021 legislative redistricting plan and, because the plan was struck down, the *Garcia* three-judge district court concluded the racial gerrymandering claim was moot. *See Soto Palmer v. Hobbs*, 686 F. Supp. 3d 1213 (W.D. Wash. 2023); *Garcia v. Hobbs*, No. 3:22-cv-05152-RSL-DGE-LJCV, 2023 WL 5822461 (W.D. Wash. Sept. 8, 2023).

Before this Court are the *Soto Palmer* Intervenors' appeal of the district court's judgment and remedy on the Voting Rights Act violation, and the *Garcia* Plaintiff's appeal of the district court's judgment dismissing the case as moot. *See Soto Palmer v. Hobbs*, Nos. 23-35595, 24-1602; *Garcia v. Hobbs*, No. 24-2603.

As the *Soto Palmer* Intervenors and the *Garcia* Plaintiff (collectively, Appellants) concede, "Mr. Garcia's appeal . . . is solely concerned with" whether the district court's ruling in *Soto Palmer* mooted *Garcia*. DktEntry 10-1, Appellants' Joint Mot. Consolidate. This of course means that if Appellants are successful in their *Soto Palmer* appeals, the *Garcia* appeal will evaporate.

2

*Garcia* clearly will not be moot if *Soto Palmer* is overturned. It makes no sense, then, for the parties to brief (and this Court to analyze) whether *Soto Palmer* mooted *Garcia* while simultaneously briefing (and analyzing) whether *Soto Palmer* ought to be reversed on the merits.

By the same token, if Appellants are unsuccessful in their *Soto Palmer* appeal, this will remove any doubt as to the state of play in *Garcia*. *Soto Palmer* will be final, and the question whether that final judgment precludes consideration of *Garcia* will be firmly before this Court.

Appellants' concession that *Garcia* solely concerns mootness also belies their remaining arguments for consolidation. They contend that consolidation will promote judicial economy because both appeals: (1) concern the same map; (2) stem from the same trial; and (3) "feature common questions of law and fact concerning the use of race in the drawing of both the Enacted Map and Remedial Map." DktEntry 10-1 at 2–5. But these superficial similarities all go to the merits: they don't amount to a hill of beans when the only issue in *Garcia* is whether the case is moot. A reviewing court will not need to engage with, for example, the demographics of Washington's Yakima Valley to determine whether Mr. Garcia's challenge to former Legislative District 15 is moot based

on another court's earlier holding that the same district violated Section 2 of the Voting Rights Act.

While holding the *Garcia* appeal in abeyance has the potential to save the parties (and this Court) considerable resources spent addressing an issue in *Garcia* that might look fundamentally different based on the outcome of *Soto Palmer*, it will not cause any prejudice to Mr. Garcia. Holding his appeal in abeyance will not cause any delay to Mr. Garcia. This is because if *Soto Palmer* Intervenors win their appeal, that will un-moot *Garcia*, and both cases can be remanded back to the respective district courts with no delay. And if *Soto Palmer* Intervenors lose their appeal, that will further cement the mootness of Mr. Garcia's claim, and he will not have lost anything in not being able to press forward with his non-justiciable claim.

But even if abeyance did arguably lead to some delay, it will not be a material delay. All parties have stipulated that if a new map were to be implemented for the 2024 election cycle, that map must have been finalized and transmitted to counties by March 25, 2024. *See* Pretrial Order, *Garcia v. Hobbs*, No. 3:22-cv-05152-RSL-DGE-LJCV, ECF No. 64 at 12 (W.D. Wash., May 24, 2023); Joint Pretrial Statement and Order, *Soto Palmer v. Hobbs*, No. 22-cv-5035-RSL, ECF No. 191 at 20 (W.D. Wash., May 24, 2023). Now

that that deadline has passed and the district court, this Court, and the Supreme Court have all rejected Appellants' efforts to delay a remedy for the Section 2 violation,[2] it is firmly decided that the 2024 elections will go ahead under the remedial map adopted by the district court.

This appeal is thus about what happens in 2026. Meaning that any modest delay to Mr. Garcia will not cause him harm. Any issues remaining after the *Soto Palmer* appeal can presumably be addressed in the year-plus that will remain following a decision by this Court.

Accordingly, because consolidation does nothing to promote efficiency, while holding *Garcia* in abeyance clearly does, this Court should deny Appellants' Motion to Consolidate and instead hold the *Garcia* appeal in abeyance pending the outcome of *Soto Palmer*.

---

[2] Among other of Appellants' rejected efforts to delay proceedings, *see, e.g.*, ECF No. 242, *Soto Palmer v. Hobbs*, Case No, 3:22-cv-05035-RSL (W.D. Wash. Nov. 27, 2023) (denying Intervenors' motion to stay proceedings); ECF No. 293, *Soto Palmer v. Hobbs*, Case No, 3:22-cv-05035-RSL (W.D. Wash. Mar 18, 2024) (same); DktEntry 45, *Soto Palmer v. Hobbs*, No. 23-35595 (9th Cir. Dec. 21, 2023) (denying Intervenors' motion to stay proceedings), DktEntry 18.1, *Soto Palmer v. Hobbs*, No. 24-1602 (9th Cir. Mar. 22, 2024) (denying Intervenors' motion to stay the remedial order); Order, *Trevino v. Soto Palmer*, No. 23A862 (U.S. Apr. 2, 2024) (denying Intervenors' emergency application for stay of the district court's judgment and injunction).

RESPECTFULLY SUBMITTED this 5th day of June 2024.

>ROBERT W. FERGUSON
>Attorney General
>
>*/s/ Andrew R.W. Hughes*
>CRISTINA SEPE, WSBA #53609
>Deputy Solicitor General
>ANDREW R.W. HUGHES, WSBA #49515
>Assistant Attorney General
>cristina.sepe@atg.wa.gov
>andrew.hughes@atg.wa.gov
>*Attorneys for Appellee State of Washington*