NO. 24-2603

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BENANCIO GARCIA III, et al.,

*Plaintiff-Appellant*,

v.

STEVEN HOBBS, in his official capacity as Secretary of State of Washington, and the STATE OF WASHINGTON,

*Defendants-Appellees*,

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

No. 3:22-cv-5035-RSL
The Honorable Robert S. Lasnik
United States District Court Judge

**DEFENDANT-APPELLEE STEVE HOBBS'S ANSWERING BRIEF**

ROBERT W. FERGUSON
　*Attorney General*

KARL D. SMITH, WSBA 41988
　*Deputy Solicitor General*
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200
Karl.Smith@atg.wa.gov

## TABLE OF CONTENTS

I.   SUMMARY OF THE ARGUMENT ................................................................. 1

II.  ARGUMENT ..................................................................................................... 1

III. CONCLUSION .................................................................................................. 4

i

# TABLE OF AUTHORITIES

## Cases

*Democratic Nat'l Comm. v. Wisc. State Legislature*,
　141 S. Ct. 28 (2020) ............................................................................................ 3

*Merrill v. Milligan*,
　142 S. Ct. 879 (2022) ...................................................................................... 3, 4

*Purcell v. Gonzalez*,
　549 U.S. 1 (2006) ................................................................................................ 3

## Constitutional Provisions

Wash. Const. art. II, § 43 ........................................................................................ 1

## Statutes

52 U.S.C. § 20302(a)(8) .......................................................................................... 3

Wash. Rev. Code § 29A.04.216 .............................................................................. 2

Wash. Rev. Code § 29A.04.230 .............................................................................. 1

Wash. Rev. Code § 29A.04.311 .............................................................................. 2

Wash. Rev. Code § 29A.24.050 .............................................................................. 2

Wash. Rev. Code § 29A.36.010 .............................................................................. 2

Wash. Rev. Code § 29A.40.070(2) .......................................................................... 3

Wash. Rev. Code § 44.05.100 ................................................................................. 1

ii

## I. SUMMARY OF THE ARGUMENT

Consistent with his stance throughout this litigation, Washington Secretary of State Steve Hobbs takes no position on the merits of this appeal. The Secretary's interest in this litigation is simply to ensure that judicial decisions do not interfere with Washington election officials' ability to successfully hold elections. This brief identifies elections timelines in Washington and requests that, if this Court determines that changes to the remedial maps are necessary, this Court's opinion allow the district court to respect those deadlines.

## II. ARGUMENT

Secretary Hobbs takes no position on (1) whether the district court correctly concluded that this challenge was moot or (2) the merits of Plaintiff's Fourteenth Amendment racial gerrymandering challenge to Legislative District 15. Under Washington law, the Secretary of State does not draw, direct, or approve legislative district maps. Wash. Const. art. II, § 43; Wash. Rev. Code § 44.05.100. The Secretary's role, together with county election officials, is to administer fair and reliable elections. *E.g.*, Wash. Rev. Code § 29A.04.230 ("The secretary of state through the election division shall be the chief election officer for all federal, state, county, city, town, and district

1

elections that are subject to this title."); *id.* § 29A.04.216 (listing county auditors' duties).

The Secretary's interest in this litigation is to ensure that these legal proceedings do not interfere with elections officials' ability to administer elections without unnecessary disruptions or voter confusion. Any changes to legislative districts must generally be accomplished by late March in order to be implemented for elections in that year. While Washington's primary election is not until the first Tuesday of August, Wash. Rev. Code § 29A.04.311, there are many time-sensitive steps that election officials must accomplish between the adoption of changes to legislative districts and the primary election. Counties need several weeks to re-draw and approve precincts before the mid-May candidate filing period. SER-65–66; (time to redraw precincts); Wash. Rev. Code § 29A.24.050 (candidate filing period). Very shortly after the candidate filing period, the Secretary of State must certify candidates to county auditors, Wash. Rev. Code § 29A.36.010, who must immediately begin the process of designing, translating, and testing multiple designs that account for different races in different municipalities, SER-66–67. And the deadline to mail the first ballots to overseas residents and military personnel is in mid-June. Wash. Rev. Code § 29A.40.070(2);

2

52 U.S.C. § 20302(a)(8). This work is technical, time-consuming, and time-sensitive. Any alterations in the deadlines early in the process create an appreciable risk of interfering with the ability to successfully conduct a timely primary election.

Accordingly, if this Court reverses the district court or otherwise concludes that any changes to the court-ordered legislative districts are necessary, the Secretary respectfully requests that this Court's decision give the district court the time and discretion necessary to successfully implement any changes. The Supreme Court "has repeatedly emphasized that federal courts ordinarily should not alter state election laws in the period close to an election—a principle often referred to as the *Purcell*[1] principle." *Democratic Nat'l Comm. v. Wisc. State Legislature*, 141 S. Ct. 28, 30-31 (2020) (Kavanaugh, J., concurring in denial of application to vacate stay) (collecting cases); *see also Merrill v. Milligan*, 142 S. Ct. 879, 880-81 (2022) (Kavanaugh, J., concurring) ("When an election is close at hand, the rules of the road must be clear and settled."). States have an "extraordinarily strong interest in avoiding late, judicially imposed changes to [their] election laws and procedures." *Merrill*, 142 S. Ct. at 881 (Kavanaugh, J., concurring). "Late

---

[1] *Purcell v. Gonzalez*, 549 U.S. 1 (2006).

3

judicial tinkering with election laws can lead to disruption and to unanticipated and unfair consequences for candidates, political parties, and voters, among others." *Id*. (Kavanaugh, J., concurring).

The Secretary requests that any decision by this Court leave room for the district court to respect the *Purcell* principle. The district court should not be required to order changes that could lead to disruptions of Washington's elections. Specifically, this Court should not require that the district court take any action that could realistically result in new legislative district boundaries being adopted after late May of a year in which legislative district elections are held.[2]

## III. CONCLUSION

The Secretary requests that this Court be cognizant of election deadlines in Washington and not order any relief that could interfere with those deadlines.

---

[2] Legislative elections in Washington are usually held only in even-numbered years.

RESPECTFULLY SUBMITTED this 16th day of October, 2024.

ROBERT W. FERGUSON
  *Attorney General*

 *s/ Karl D. Smith*
KARL D. SMITH, WSBA 41988
  *Deputy Solicitor General*
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200
Karl.Smith@atg.wa.gov

KATE S. WORTHINGTON, WSBA 47556
  Complex Litigation Division
  *Assistant Attorney General*
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0100
(360) 709-6478
Kate.Worthington@atg.wa.gov

*Counsel for Appellant
Secretary of State Steven Hobbs*

5

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** 24-2603

I am the attorney or self-represented party.

**This brief contains** 732 **words,** including _____ words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

⦿ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  ☐ it is a joint brief submitted by separately represented parties.
  ☐ a party or parties are filing a single brief in response to multiple briefs.
  ☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated _____.

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/Karl D. Smith   **Date** 10/16/2024
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**                                                                                    Rev. 12/01/22